Charles E. Tompkins (admitted *pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
Email: cet@willmont.com

Eric R. Lifvendahl (admitted *pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800
Chicago, IL  60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500
Email: erl@willmont.com

Whitney E. Street, (State Bar No. 223870)
**BLOCK & LEVITON LLP**
610 16th Street, Suites 214-216
Oakland, CA  94612
Telephone: (415) 968-8999
Facsimile: (617) 507-6020
Email:  whitney@blockesq.com

*Attorneys for Plaintiff Flextronics International USA, Inc.*

[ Additional Counsel on Signature Page]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL USA, INC., Plaintiff, <br><br> v. <br><br> MURATA MANUFACTURING CO., LTD., et al., Defendants. | Case No. 5:19-cv-00078-EJD <br><br> **JOINT CASE MANAGEMENT STATEMENT FOR FEBRUARY 7, 2019 INITIAL CASE MANAGEMENT CONFERENCE** <br><br> Date: February 7, 2019 <br> Time: 10:00 AM <br><br> Hon. Edward J. Davila |

In connection with the Initial Case Management Conference scheduled in this matter for February 7, 2019 (ECF No. 17), Individual Action Plaintiff Flextronics International USA, Inc. (hereinafter "Flex" or "Plaintiff") and the Defendants Murata Manufacturing Co., Ltd.; Murata Electronics North America Inc.; Murata Power Solutions, Inc.; Panasonic Corporation; Panasonic Corporation of North America; ; Sagami Elec Co., Ltd.; Sagami America, Ltd.; Sumida Corporation; Sumida Electric Co., Ltd.; Sumida America Components, Inc.; Taiyo Yuden Co., Ltd.; Taiyo Yuden (U.S.A.) Inc.; TDK Corporation; TDK-EPC Corporation; TDK Corporation of America; TDK U.S.A. Corporation; Tokin Corporation; and Tokin America, Inc. (collectively "Defendants")(Flex and Defendants are collectively the "Parties"), submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order of All Judges for the Northern District of California, and Civil Local Rule 16-9.

## I.     JURISDICTION AND SERVICE

### A.  Jurisdiction

This Court is alleged to have jurisdiction over this action pursuant to Section 1 of the Sherman Act, 15 U.S.C. § 1 as well as 28 U.S.C. §§ 1331, 1337(a) and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15(a) and 26).

### B.  Service

Flex has perfected service on each United States Defendant identified above, except Taiyo Yuden contends that service on its United States Defendant was not proper.  The parties anticipate that in connection with a stipulation deferring Defendants' responses to the Complaint (as discussed below), the Defendants will agree to enter into a stipulation acknowledging service of the foreign defendants and with respect to Taiyo Yuden's United States Defendant, and Flex will agree to provide a translated copy of the Complaint as they would if Hague service were perfected.

## II.    FACTS

Inductors are ubiquitous passive electronic components that are found in consumer electronic products such as computers, smartphones, televisions, video game consoles, and automobiles.  Flex is an individual Plaintiff that intends to opt out from the putative direct purchaser class and also alleges it, and that certain affiliated companies, directly purchased hundreds of millions of dollars' worth of inductors from Defendants since at least January 1, 2003 through December 1, 2016 (the "Relevant Period").  Flex

alleges that Defendants formed, maintained, and concealed a global price-fixing cartel that inflated prices of inductors to its customers, including Flex.  Flex filed its Complaint on January 4, 2019 (ECF No. 1).

Flex alleges that the United States Department of Justice ("DOJ") is investigating certain Defendants in connection with an investigation into possible cartel activity related to inductors and has issued grand jury subpoenas to certain of Defendants.  The DOJ has intervened in the related putative Class Action.

## III.    PRINCIPAL ISSUES IN DISPUTE

### A.    Principal Factual Issues in Dispute

The Parties reserve their right to amend or supplement this list of factual issues in dispute:

- Whether the Defendants reached agreements or understandings to exchange competitively sensitive information, and to fix, raise, or stabilize prices of inductors, and which Defendants, if any, reached such agreements.

- When these alleged agreements started, and when they ended.

- The scope of these alleged agreements, including the types of inductors covered, the manufacturers involved, and the geographical scope of their coverage.

- The existence, nature and frequency of any exchanges of competitively sensitive information between Defendant, including the means of communication, the content of communications, and location of meetings.

- The names and responsibilities of Defendants' personnel, if any, that engaged in the exchange of competitively sensitive information or entered into agreements.

- Whether evidence of any alleged agreements was concealed, destroyed or otherwise spoliated.

- Whether Flex suffered an injury in fact or antitrust injury as a result of Defendants' illegal conduct.

- Whether Defendants caused prices for inductors to be set at artificially high or supracompetitive levels.

- Whether Flex paid supracompetitive prices for inductors.

### B.    Principal Legal Issues in Dispute

The Parties reserve their right to amend or supplement this list of legal issues in dispute:

- Whether Defendants reached agreements among or between themselves to exchange competitively sensitive information and fix, stabilize, or raise prices of inductors in

2

violation of Sections 1 and 3 of the Sherman Act (15 U.S.C. §§ 1, 3).

- The effect, if any, of the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C. § 6a ("FTAIA") on the claims presented in this litigation, including whether any of Flex's claims are barred by the FTAIA.

- Whether Flex's antitrust injuries are proximately caused by Defendants' conduct for purposes of Section 4 of the Clayton Act (15 U.S.C. §15).

- Whether Flex has suffered damages, and in what amount.

- Whether Flex is entitled to injunctive relief under Section 16 of the Clayton Act (15 U.S.C. §26).

- Whether Flex or any of its affiliates are indirect purchasers under *Illinois Brick v. Illinois*, 431 U.S. 720 (1977).

- Whether Defendants can state or prove any of their affirmative defenses.

## IV.   MOTIONS

There are no motions currently pending.  As noted above, the parties anticipate a stipulation asking the Court to enter an Order deferring Defendants' deadline to file a response to Flex's Complaint until after this Court has ruled on the Motion to Dismiss the Corrected Consolidated Amended Class Action Complaint in the related putative class action suit (ECF No. 223).

## V.   AMENDMENT OF PLEADINGS

Flex's Complaint was filed on January 4, 2019.   Subject to any court-ordered limitation, Flex reserves the right to amend its Complaint to incorporate new parties or information based on Court rulings or documents that Defendants subsequently produce, including documents that any Defendant named in the Complaint may have already produced in connection with any governmental investigation concerning inductors.  Defendants reserve their rights to object to any amendment.

## VI.   EVIDENCE PRESERVATION

The Parties have reviewed the ESI Guidelines and have met and conferred regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action pursuant to Fed. R. Civ. P. 26(f).  The Parties agree to abide by the terms set forth in the related putative Class Action in the Stipulation and Order Regarding Production of Electronically Stored Information and Hard Copy Documents (ECF No. 240).

**VII.   DISCLOSURES**

The Parties have agreed to exchange their respective initial disclosures in accordance with the schedule applicable to the related putative Class Action.

**VIII.   DISCOVERY**

The Parties are discussing and negotiating the discovery limits for this action and will advise the Court once complete.

Further, Flex agrees to execute a copy of the Stipulated Protective Order (ECF No. 249) agreed to in the related putative Class Action and the Parties agree to be bound by that order as if entered in this action.

**IX.   RELATED CASES**

This Court Ordered that this action is related to the following class action (ECF # 11):

| Case | Title |
|------|-------|
| Case No. 5:18-cv-00198-EJD | *In re Inductors Antitrust Litigation* |

**X.   RELIEF**

Flex seeks a judgment on its behalf adjudging and decreeing that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1, a judgment for three times the amount of damages sustained by Flex, pre-judgment and post-judgment interest, costs of the suit, including attorney's fees, and for such other relief as is just and proper under the circumstances.  Defendants deny that Flex is entitled to any relief.

**XI.   SETTLEMENT AND ADR**

The Parties have discussed submitting the matter for private mediation pursuant to the ADR process and will do so once the timing is appropriate.

**XII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to a Magistrate Judge for all further proceedings including trial and entry of judgment.

**XIII.   NARROWING OF ISSUES**

At this stage of the proceedings, the parties believe that the narrowing of issues, suggestions to

expedite the presentation of evidence at trial, and requests to bifurcate issues, claims or defenses, whether by agreement or stipulation, are premature.

## XIV.   EXPEDITED TRIAL PROCEDURE

The Parties do not all agree that this case should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

## XV.   SCHEDULING

The Parties intend as much as practical for this action to proceed on the same schedule as the related putative Class Action.

## XVI.   TRIAL

The Parties request a jury trial.  The Parties do not presently have sufficient information to reasonably estimate the expected length of the trial in this action.

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have agreed to file their respective disclosures of non-party interested entities or persons by March 1, 2019.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record in this case have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: January 28, 2019

Respectfully Submitted,

**WILLIAMS MONTGOMERY & JOHN LTD.**

By:   */s/ Charles E. Tompkins*
        Charles E. Tompkins

Charles E. Tompkins (admitted *pro hac vice*)
cet@willmont.com
1200 18th Street NW, Suite 325
Washington D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586

Eric R. Lifvendahl (admitted *pro hac vice*)
erl@willmont.com
**WILLIAMS MONTGOMERY & JOHN LTD.**
233 S. Wacker Drive, Suite 6800
Chicago, IL  60606
Telephone: (312) 443-3200
Facsimile: (312) 630-8500

Whitney E. Street (State Bar No. 223870)
**Block & Leviton LLP**
whitney@blockesq.com
610 16th Street, Suites 214-216
Oakland, CA 94612
Telephone: (415) 968-8999
Facsimile: (617) 507-6020

Eustace de St. Phalle (CA Bar # 171900)
EdeSaintPhalle@rlslawyers.com
**RAINS LUCIA STERN ST. PHALLE & SILVER, PC**
220 Montgomery Street, 15th Floor
San Francisco, CA 94104
Telephone: (415) 341-9341
Facsimile: (925) 609-1690

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KIRKLAND & ELLIS**

By: _____/s/ Eliot A. Adelson_____
Eliot A. Adelson
Eliot A. Adelson
555 California Street
27th Floor
San Francisco, CA 94014
eadelson@kirkland.com

James Mutchnik
300 North LaSalle Street
Chicago, IL 60654
James.mutchnik@kirkland.com

*Attorneys for Defendants Murata Electronics North
America, Inc. and Murata Manufacturing Co., Ltd.*

**GIBSON DUNN & CRUTCHER LLP**

By: _____/s/ Daniel G. Swanson_____
Daniel G. Swanson

Daniel G. Swanson (SBN 116656)
Frances A. Smithson (SBN 313700)
333 South Grand Avenue
Los Angeles, California 90071
Tel: (213) 229-7000
Fax: (213) 229-7520
dswanson@gibsondunn.com
fsmithson@gibsondunn.com

Scott Hammond (*pro hac vice*)
Cynthia Richman (*pro hac vice*)
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel: (415) 393-8200
Fax: (415) 393-8306
shammond@gibson.com
crichman@gibsondunn.com

*Attorneys for Defendants Panasonic Corporation of
North America; and Panasonic Corporation*

1

**LATHAM & WATKINS LLP**

2

By:        */s/ Marguerite Sullivan*

3                  Marguerite Sullivan

4        Marguerite Sullivan (*pro hac vice*)
         Allyson M. Maltas (*pro hac vice*)

5        555 Eleventh St., N.W., Suite 1000
         Washington, D.D. 20004

6        Tel: (202) 637-2200
         Fax: (202) 637-2201

7        Marguerite.sullivan@lw.com
         Allyson.maltas@lw.com

8

9        Alfred Carroll Pfeiffer, Jr.
         505 Montgomery Street, Suite 2000

10       San Francisco, CA 94111
         Tel: (415) 395-8898

11       Fax: (415) 391-0600
         Al.pfeiffer.lw.com

12       *Attorneys for Defendants Sumida America Components,*
         *Inc.; Sumida Corporation; and Sumida Electric Co., Ltd.*

13

14       **ARNOLD & PORTER KAYE SCHOLER LLP**

15       By:        */s/ James L. Cooper*
                      James L. Cooper

16

17       Daniel B. Asimov
         Three Embarcadero Center, 10th Floor

18       San Francisco, CA 94111-4024
         Daniel.asimov@arnoldporter.com

19       James L. Cooper
         Michael Adam Rubin

20       601 Massachusetts Ave., NW
         Washington, DC 20011

21       James.Cooper@apks.com
         Michael.rubin@apks.com

22

23       *Attorneys for Defendants Taiyo Yuden (U.S.A.) Inc. and*
         *Taiyo Yuden Co., Ltd.*

24

25       **MORGAN LEWIS & BOCKIUS LLP**

26       By:        */s/ Colin C. West*
                      Colin C. West

27

28       Colin C. West (SBN 184095)
         One Market
         Spear Street Tower

8

San Francisco, California 94015-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
Colin.west@morganlewis.com

J. Clayton Everett, Jr. (*pro hac vice*)
Scott A. Stempel (*pro hac vice* forthcoming)
Greta L. Burkholder (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
Clay.everett@morganlewis.com
Scott.stempl@morganlewis.com
Greta.burkholder@morganlewis.com

*Attorneys for Defendants TDK U.S.A. Corporation; TDK Corporation; TDK-EPC Corporation; and TDK Corporation of America*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By:      */s/ Roxane A. Polidora*
              Roxane A. Polidora

Roxane A. Polidora (SBN 135972)
Jacob R. Sorensen (SBN 209134)
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111-5998
Tel: (415) 983-1000
Fax: (415) 983-1200
Roxane.polidora@pillsburylaw.com
Jake.sorenssen@pillsburylaw.com

*Attorneys for Defendants Tokin Corporation and Tokin America, Inc.*

**KESSENICK GAMMA & FREE, LLP**

By:      */s/ J. Maxwell Cooper*
              J. Maxwell Cooper

J. Maxwell Cooper (SBN 284054)
44 Montgomery Street, Suite 3880
San Francisco, CA 94014
Tel: (415) 362-9400
Fax: (415) 362-9401
mcooper@kgf-lawfirm.com

*Attorneys for Defendant Sagami Elc Co., Ltd. and Sagami America, Ltd.*

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

Date: January 28, 2019                                    */s/ Charles E. Tompkins*
                                                              Charles E. Tompkins