UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MURATA MANUFACTURING CO., LTD., et al., <br><br> Defendants. | Case No. 5:19-cv-00078-EJD <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE SECOND AMENDED COMPLAINT** <br><br> Re: Dkt. No. 68 |

This order addresses Plaintiff's administrative motion to file portions of its second amended complaint under seal. Dkt. 68. For the reasons discussed herein, the Court **DENIES this motion without prejudice.** The Court provides instruction to the parties on how they should prepare motions to seal going forward. Plaintiff may re-file this motion to seal; however, Defendant must submit adequate documentation showing a compelling reason justifying sealing. Generalized allegations of confidentiality are insufficient.

Courts recognize that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 WL 1590470, at *1 (S.D. Cal. Apr. 12, 2019) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). "When considering a sealing request, 'a strong presumption in favor of access is the starting point.'" *Space Data Corp. v. Alphabet Inc.*, 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The right to access, however, is not absolute. *Whitewater W. Indus.*, 2019 WL 1590470, at *1 (quoting *Nixon*, 434 U.S. at 598). A court may grant a party's

Case No.: 5:19-cv-00078-EJD
ORDER DENYING PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE SECOND AMENDED COMPLAINT

1

motion to seal judicial records that are "more than tangentially related to the underlying cause of action," if the moving party presents "compelling reasons" for maintaining confidentiality that outweigh the presumption in favor of disclosure. *Space Data*, 2019 WL 2305278, at *1 (citing *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)). To make this showing, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman v. Path, Inc*., 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017). Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman*, 2017 WL 1036652; *Lucas v. Breg, Inc*., 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc*., 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

However, courts should exercise caution not to allow these exceptions to swallow the strong presumption in favor of disclosure. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not carry the compelling standards burden. *Space Data*, 2019 WL 2305278, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992)). Mere designation of a document as confidential under a protective order is not sufficient to establish that said document, or portions thereof, are sealable. N.D. Cal. Civ. L.R. 79- 5(d)(1)(A).

Here, there is no objection to Plaintiff's motion to seal. The designating party is Defendant. While Defendant filed a declaration supporting its motion to seal, the Court finds this the sealing motion overbroad and unsupported. On the whole, the information sought to be sealed pertains to generalized allegations regarding Defendant's price-fixing conduct. The fact that the information sought to be sealed is "designated 'Highly Confidential' under the Parties' Stipulated

Case No.: 5:19-cv-00078-EJD
ORDER DENYING PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE SECOND AMENDED COMPLAINT

2

Protective Order" is insufficient. Declaration of J. Clayton Everett ("Everett Decl.") ¶ 2, Dkt. 71. Likewise, the generalized contention that the information sought to be sealed "contain[s] trade secrets and other confidential business information regarding the TDK Defendants' existing and potential customers and the TDK Defendants' business with those customers" is insufficient to overcome the strong presumption in public access. *See Space Data*, 2019 WL 2305278, at *1 (noting that broad allegations of harm are insufficient to meet the compelling interest standard).

| **Paragraph Sought to be Sealed** | **Ruling** |
|---|---|
| ¶ 6 | **DENIED.** This material relates to Plaintiff's general allegations of Defendants' anticompetitive practices. *Kamakana*, 447 F.3d at 1179 (embarrassment or incrimination not cause to seal). Defendants' declaration provides no specific compelling reasons why this paragraph must be sealed. |
| ¶ 17 | **DENIED.** This material relates to the Plaintiff's general allegations against the Defendants. *See In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019). Defendants' declaration provides no specific compelling reasons why this paragraph must be sealed. |
| ¶ 235 | **DENIED.** This material relates to the Plaintiff's general conspiracy allegations against the Defendants. Defendants' declaration provides no specific compelling reasons why this paragraph must be sealed. |
| ¶¶ 237–70 | **DENIED.** The material relates to the Plaintiff's general allegations against the Defendants and concerns external communications. The Court does not find any trade secrets or customer information (not already disclosed in the unredacted complaint). *See Kamakana*, 447 F.3d at 1179 (embarrassment or incrimination not cause to seal). Defendants' declaration provides no specific compelling reasons why this paragraph must be sealed. |

For the foregoing reasons, the Court **DENIES** the sealing motion at ECF 68. Plaintiff shall consult Civil Local Rule 79-5(e)(2). Alternatively, the moving party may also renew the motion so to provide sufficient reasons in supporting declarations no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: November 21, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-00078-EJD
ORDER DENYING PLAINTIFF'S MOTION TO SEAL PORTIONS OF THE SECOND AMENDED COMPLAINT

3