United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL USA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MURATA MANUFACTURING CO., LTD., et al.,<br><br>Defendants. | Case No. 5:19-cv-00078-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 91 |

This order addresses Plaintiff's administrative motion to file portions of its second amended complaint under seal. Dkt. 68. For the reasons discussed herein, the Court **GRANTS the motion in part DENIES it in part.**

Courts recognize that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc*., 2019 WL 1590470, at *1 (S.D. Cal. Apr. 12, 2019) (quoting *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597 (1978)). "When considering a sealing request, 'a strong presumption in favor of access is the starting point.'" *Space Data Corp. v. Alphabet Inc*., 2019 WL 2305278, at *1 (N.D. Cal. May 30, 2019) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The right to access, however, is not absolute. *Whitewater W. Indus*., 2019 WL 1590470, at *1 (quoting *Nixon*, 434 U.S. at 598). A court may grant a party's motion to seal judicial records that are "more than tangentially related to the underlying cause of action," if the moving party presents "compelling reasons" for maintaining confidentiality that outweigh the presumption in favor of disclosure. *Space Data*, 2019 WL 2305278, at *1 (citing

Case No.: 5:19-cv-00078-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFF'S THIRD AMENDED COMPLAINT

1

*Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016)). To make this showing, the moving party must provide "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Opperman v. Path, Inc.*, 2017 WL 1036652, at *1 (N.D. Cal. Mar. 17, 2017). Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing. *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Opperman*, 2017 WL 1036652; *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Rodman v. Safeway Inc.*, 2015 WL 13673842 (N.D. Cal. Aug. 4, 2015).

However, courts should exercise caution not to allow these exceptions to swallow the strong presumption in favor of disclosure. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not carry the compelling standards burden. *Space Data*, 2019 WL 2305278, at *1 (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Mere designation of a document as confidential under a protective order is not sufficient to establish that said document, or portions thereof, are sealable. N.D. Cal. Civ. L.R. 79- 5(d)(1)(A).

Here, there is no objection to Plaintiff's motion to seal. The designating party is Defendant. While Defendant filed a declaration supporting its motion to seal, the Court finds parts of the sealing motion unsupported. *See Space Data*, 2019 WL 2305278, at *1 (noting that broad allegations of harm are insufficient to meet the compelling interest standard).

Case No.: 5:19-cv-00078-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFF'S THIRD AMENDED COMPLAINT

2

| Paragraph Sought to be Sealed | Ruling |
|---|---|
| ¶¶ 235, 239, 240–44, 246–47, 249–50, 252, 255–57, 260, 264–65, 268, 270 | **GRANTED.** This material relates to confidential customer identities and/or customers' trade secrets. According to Defendants, disclosure of this information would violate nondisclosure agreements and would disadvantage it in future negotiations with current and potential customers. *See Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, at *4 (N.D. Cal. Aug. 2, 2016). |
| ¶ 259 | **GRANTED IN PART/DENIED IN PART.** The phrase "Joint unlawful activity by TDK, Taiyo Yuden, and Murata" may not be sealed. Likewise, the phrase "By January of 2013, Murata, Taiyo Yuden, and TDK were supplying" may not be sealed. This material relates to the Plaintiff's general allegations against the Defendants. *See In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019). The Court reminds Defendants that embarrassment and/or incrimination do not present cause to seal. *Kamakana*, 447 F.3d at 1179. The remainder of the information sought to be sealed (customer names/products) may be sealed. |

For the foregoing reasons, the Court **DENIES in part and GRANTS in part** the sealing motion at ECF 91.

**IT IS SO ORDERED.**

Dated: January 21, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-00078-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PARTS OF PLAINTIFF'S THIRD AMENDED COMPLAINT

3