Charles E. Tompkins (admitted *pro hac vice*)
**WILLIAMS MONTGOMERY & JOHN LTD.**
1200 18th Street NW, Suite 325
Washington, D.C. 20036
Telephone: (202) 791-9951
Facsimile: (312) 630-8586
cet@willmont.com

Whitney E. Street (State Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 968-1852
Facsimile: (617) 507-6020
whitney@blockesq.com

*Attorneys for Plaintiff Flextronics International USA, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLEXTRONICS INTERNATIONAL USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MURATA MANUFACTURING CO., LTD.; MURATA ELECTRONICS NORTH AMERICA, INC.; MURATA POWER SOLUTIONS, INC.; PANASONIC CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; PANASONIC ELECTRONIC DEVICES CO. LTD; PANASONIC INDUSTRIAL DEVICES CORPORATION OF AMERICA; SAGAMI ELEC CO., LTD.; SAGAMI AMERICA, LTD.; SUMIDA CORPORATION; SUMIDA ELECTRIC CO., LTD.; SUMIDA AMERICA COMPONENTS, INC.; TAIYO YUDEN CO., LTD.; TAIYO YUDEN (U.S.A.) INC.; TDK CORPORATION; TDK-EPC CORPORATION; TDK CORPORATION OF AMERICA; TDK U.S.A. CORPORATION; and TOKO INC. <br><br> Defendants. | Case No. 5:19-cv-00078-EJD <br><br> FLEXTRONICS INTERNATIONAL USA, INC.'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS FOURTH AMENDED COMPLAINT |

Flextronics International USA, Inc. ("Flextronics" or "Flex") brings this renewed administrative motion pursuant to Civil Local Rules 7-11 and 79-5, to file under seal portions of its Fourth Amended Complaint ("Renewed Motion") because, as explained in greater detail in the Declaration of Charles E. Tompkins, filed herewith, it contains information designated by the Defendants and/or the *Capacitors* and *Resistors* defendants as "Confidential" or "Confidential-Attorneys' Eyes Only" under the Stipulated Protective Orders ("Protective Orders") in place in this action and/or those actions.[1] The Protective Orders require that information designated as confidential "qualify for protection under Federal Rule of Civil Procedure 26(c)."[2] In turn, under Rule 26(c), a Court may require "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[3]

In preparing this Renewed Motion, Flextronics has endeavored to follow the guidelines set forth by the Court in its Order Denying Plaintiff's Administrative Motion to File Portions of its Fourth Amended Complaint Under Seal. ECF No. 146. Flextronics does not seek to file under seal portions of its Fourth Amended Complaint containing "general conspiracy allegations against the Defendants." *Id*. at 3 n.2. Based on the Court's Order, Flextronics has reviewed its proposed redactions and further limited the information to be filed under seal to information disclosing "confidential customer identities and products, customers' trade secrets, customer specific pricing information, quantities sold, and product numbers." *Id*. at 3.

Portions of the Fourth Amended Complaint contain Flextronics' sensitive, non-public, and highly confidential trade information, including customer identities, pricing information, sales records, and other trade secrets. Also included in the Fourth Amended Complaint is confidential information

---

[1] *In re Inductors Antitrust Litig.*, 18:cv-00198-EJD-NC, ECF No. 249 (N.D. Cal. Nov. 13, 2018); *In re Capacitors Antitrust Litig.*, 14-cv-03264-JD, ECF No. 563 (N.D. Cal. Feb. 17, 2015) (as modified by the Court at 17-md-02801-JD, ECF No. 602); *In re Resistors Antitrust Litig.*, 15-cv-03820-JD, ECF No. 122 (N.D. Cal. Apr. 27, 2016).

[2] *Id*. ¶ 2.2.

[3] Fed. R. Civ. P. 26(c)(1)(G).

about Flextronics' purchasing and procurement process. The disclosure of this information would harm Flextronics in future negotiations with both current and future customers, and enable third parties to use such information to unfairly prejudice Flextronics in its commercial dealings with suppliers and customers. Accordingly, Flextronics' confidential business information contained in its Fourth Amended Complaint must be filed under seal.

Portions of the Fourth Amended Complaint also contain information that has been designated confidential by a Defendant. To the extent that material at issue has been designated confidential by another party, it is the burden of that party to establish that the designated information is sealable. Civil L.R. 79-5(e)(1); *see Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). Flextronics takes no position on the question of whether the redacted information of other parties is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b).

A redacted version of the Fourth Amended Complaint has been electronically filed on the public docket. An unredacted version has been electronically submitted to the Court under seal pursuant to Civil Local Rule 79-5. Flextronics will serve both versions on Defendants and class counsel.

Civil Local Rule 79-5 governs the filing under seal of documents or portions of documents that contain material that is "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). A party seeking to file a document, or portions thereof, under seal must file an administrative motion to file under seal. Civ. L. R. 79-5(d)(1). Additional procedures apply where the submitting party seeks to file under seal material designated as confidential by the opposing party or a non-party. Civ. L. R. 79-5(e).

Dated: February 1, 2021

WILLIAMS MONTGOMERY & JOHN LTD.

By: */s/ Charles E. Tompkins*
Charles E. Tompkins, admitted *pro hac vice*

*Attorneys for Flextronics International USA, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FLEXTRONICS INTERNATIONAL USA, INC.'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL